**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHIRLEY R. GRANT** ) | |
| ) | |
| **Plaintiff,** ) | **2:07-cv-00513** |
| ) | |
| **vs.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **ALLEGHENY LUDLUM CORP.** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

**I.    <u>INTRODUCTION</u>**

This is an employment discrimination case brought by Shirley R. Grant ("Plaintiff") who was an employee of Allegheny Ludlum Corporation ("Defendant"), a Pennsylvania corporation with facilities in Pittsburgh, Pennsylvania. Docket No. 1 at ¶¶ 1-2. Plaintiff started working for Defendant at its Pittsburgh office on October 8, 1973, as a senior credit assistant. *Id.* at ¶ 6. In 2001, Allegheny Ludlum moved its facilities to Washington, Pennsylvania. *Id.* at ¶ 7. In September, 2001, Plaintiff was diagnosed with anxiety disorder and depression. *Id.* at ¶ 8. Plaintiff worked at Defendant's Washington, Pennsylvania facility until February 21, 2003. *Id.* at ¶¶ 6 and 17. According to her psychiatrist, Plaintiff's alleged anxiety prevented her from driving for any length of time on an expressway.[1] *See* Docket No. 4, at Ex. C. Although Plaintiff ceased working at her

---

[1] Plaintiff alleges that the expressway is the only available route between her residence in West View and Defendant's Washington County facility, thus exposing her to that which she claims is anxiety inducing, i.e., driving on an expressway. Docket No. 4 at Ex. A, ¶¶ 7, 9, and 13.

job at Defendant's Washington facility in February, 2003, she received a salary continuance from February through September, 2003.  Docket No. 1 at ¶ 17.  On October 1, 2003, Plaintiff received one Long Term Disability ("LTD") payment.  *Id*. at ¶ 18.  After this date, Plaintiff and Defendant ceased communications and Plaintiff never returned to work at Allegheny Ludlum.  *Id*.

Plaintiff alleges that Defendant constructively terminated her by refusing to accommodate her alleged disability which she maintains makes her unable to travel to the Washington, Pennsylvania location.  *Id*. at ¶¶ 29-31.  Before she ceased her employment, Plaintiff requested a transfer to a site closer to her home.  *Id*. at ¶ 22.  Defendant refused this request and suggested to Plaintiff, as alternatives, a bus route, a driver, or resignation.  *Id*. at ¶ 24.  Plaintiff verified that no bus was available from her home in West View to Washington and she could not secure the driver.  *Id*. at ¶ 25.  Accordingly, Plaintiff alleged that her employer's refusal to accommodate her caused her to be terminated from her employment.  *Id*. at ¶ 30.

Plaintiff further alleges that this refusal to accommodate her inability to drive on the expressway amounts to disability discrimination.  *Id*. at ¶ 26; Docket No. 4, at Ex. A.  Furthermore, Plaintiff claims that Defendant had a location in downtown which is close to her home in the West View neighborhood of Pittsburgh, and that Defendant routinely transferred employees without disabilities.  Docket No. 1, at ¶¶ 11-13, 26.

Plaintiff, proceeding pro se at the time, dual-filed complaints with both the Pennsylvania Human Relations Commission ("PHRC") and the Equal Opportunity Employment Commission ("EEOC") on January 27, 2004.  Docket No. 4, at Ex. A, ¶ 9; Docket No. 10, at 2.  On May 17, 2004, the PHRC sent a letter to Plaintiff stating that it had reviewed her complaint, found no probable cause that discrimination occurred, and was dismissing her complaint.  *Id*. at Ex. D.  On January 17,

the EEOC sent a right to sue letter to plaintiff.  Docket No. 1, at ¶ 5.

Plaintiff brought this action against Defendant on April 18, 2007, alleging employment discrimination in violation of both the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*, and the Pennsylvania Human Relations Act ("PHRA"), 43 PS §§ 951-963.  Docket No. 1, at ¶ 4.

On June 25, 2007, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docket No. 3, at 1.  Defendant alleges that Plaintiff's claims are time-barred by the PHRC rule which provides that civil actions must be filed no more than two years after the PHRC complaint is dismissed and the EEOC rule which provides that says ADA claims must be filed within 90 days of receipt of the right-to-sue letter in accordance with 42 U.S.C. § 2000e-5(f)(1).  Docket No. 4,  at 1, 5-6.  Defendant further claims that Plaintiff does not have a "disability" under either statute.  42 U.S.C. § 12102(2)(A)-(C); 43 PS §§ 951-963.  *Id*. at 1. For the reasons set forth below, Defendant's Motion to Dismiss will be **GRANTED in part** and **DENIED in part.**

## II. <u>STANDARD OF REVIEW</u>

When considering a Rule 12(b)(6) motion, a court is required to accept as true all allegations of the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff.  *Evancho v. Fisher*, 423 F.3d 347, 350; *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725, F.2d 943, 944 (3d Cir. 1984).  The question is not whether a plaintiff will ultimately prevail, but whether a plaintiff would be able to prevail is if she were able to prove all of her allegations.  *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006); *see also Jordan v. Fox, Rothschild, O'Brien, & Frankel*, 20 F.3d

1250, 1261 (3d Cir. 1994).  A motion to dismiss pursuant to Rule 12(b)(6) should be granted only "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Evancho*, 423 F.3d at 351 (quoting *D.P. Enter., Inc.*, 725 F.2d at 944); *Richardson v. Pa. Dep't of Health*, 561 F.2d 489, 492 (3d Cir. 1977).  Under this standard, a complaint will be deemed to have alleged sufficient facts if it adequately puts the defendant on notice of the essential elements of plaintiff's claim. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

Under the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2), a complaint requires only a short and plain statement showing a right to relief rather than a "detailed recitation of proof that in the end establishes such a right." *Pryor v. NCAA*, 288 F.3d 548, 564.  Complaints in employment discrimination cases must satisfy only the simple requirements of Rule 8(a). *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513 (2002); *see also Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir. 2001).  Therefore, "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)] and instead must contain only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz*, 539 U.S. at 508; *Weston*, 251 F.3d at 429 (a complaint need not plead law or match facts to every element of a legal theory to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6)).

However, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. *Evancho*, 423 F.3d at 351; *see also*, *U.S. ex rel Bartlett*, 234 F.R.D. 113, 117 (W.D.Pa 2006) (quoting *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997) (noting that when deciding a Fed.R.Civ.P. 12(b)(6) motion to dismiss a court does not have to accept or give credit to "bald assertions," "legal conclusions,"

4

"unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual conclusions") . The defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000). Overall, "courts have an obligation...to view the complaint as a whole and to base rulings not upon the presence of mere words, but rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)).

While a court must consider the allegations on the face of the complaint, a court may also consider, without converting the motion to dismiss to one for summary judgment, any documents attached to a defendant's motion to dismiss that are "undisputably authentic" provided that the plaintiff's claims are based on the documents. *Steinhardt Group, Inc. v. Citicorp.*, 126 F.3d 144, 145 (3d Cir. 1997) (quoting *Pension Guar. Corp. v. White Consol. Indus, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)); *Mathis v. Univ. of Pa.*, No. 03-1232, 2003 WL 21250569, at *1-2 (E.D. Pa. Apr. 17, 2003); *see also Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004) (If issue turns on indisputably authentic documents, Court can consider authentic documents in deciding a motion to dismiss); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 780-82 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001) (stating that if a court could not examine an authentic document on which the plaintiff relied, the plaintiff with a legally deficient claim would survive a motion to dismiss simply by failing to attach to its complaint a dispositive document on which it relied).

In the Third Circuit, it is well settled that a court may consider administrative documents,

such as a plaintiff's EEOC charges, without converting the motion to dismiss to a motion for summary judgment. *See Turlip v. N. Pocono School Dist.*, No. 05CV1182, 2006 WL 547924, at * 4 n.7 (M.D. Pa. March 6, 2006) (citing *Pension Benefit*, 998 F.2d at 1196) (holding that a court can consider documents that are part of the EEOC administrative record without converting motion to dismiss into motion for summary judgment); *Khalil v. Rohm & Haas Co.*, No. Civ. A. 05-CV-003396, 2005 WL 3111791, at * 3 (E.D. Pa. Nov. 18, 2005) (holding that the court can consider plaintiff's PHRC complaint without converting a motion to dismiss into a motion for summary judgment); *Rogan*, 113 F. Supp. 2d at 782; *Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) (the court may properly look beyond the complaint to matters of public record, including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion).

The statute of limitations may be the basis for a motion to dismiss if noncompliance with the limitations period appears on the face of the complaint or on the attached documents, such as an administrative charge or matter of public record, that properly may be considered by the court without converting the motion to one for summary judgment. *See, e.g.*, *Rogan,* 113 F. Supp. 2d at 780-81.

## III. DISCUSSION

### A. Statue of Limitations

#### 1.  Plaintiff's PHRA Claims

An action under the PHRA "shall be filed within two years after the date of notice from the Commission closing the complaint."  43 P.S. § 962(c)(2); *see also Burkhart v. Widener Univ., Inc.*,

6

No. 01-2305, 2003 WL 21466774, at *1 (3d Cir. April 21, 2003) (noting that the PHRA has a two

year statute of limitations); *O'Neil v. Diocese of Erie*, No. Civ. 06-65E, 2006 WL 3052700, at *5

(W.D. Pa. Oct. 23, 2006) (claims for violation of PHRA must be brought within two years of the date

administrative complaint is dismissed.)  In the instant case, the PHRA issued to plaintiff notice of

dismissal dated May 17, 2004.  *See* Docket No. 4, Exh. D.  Plaintiff did not file this action until April

18, 2007; almost three years later.  Therefore, any claim Plaintiff may have under the PHRA must

be dismissed as time-barred.  Accordingly, Defendant's Motion to Dismiss Plaintiff's PHRA claim

is **GRANTED**.

> 2. Plaintiff's ADA Claims

On January 17, 2007, the EEOC issued a right-to-sue letter to the plaintiff.  Defendant claims

Plaintiff's ADA claim is untimely because she filed her ADA claim on April 18, 2007, more than

ninety days after the date of the EEOC right to sue letter.  Docket No. 4, at 4-6.

When the EEOC issues a right-to-sue letter and the Plaintiff receives it, this is the indication

that the Plaintiff has exhausted possible administrative remedies.  *Burgh v. Borough Council of*

*Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).  A complainant may not file an action prior to receiving

the right to sue letter.  *Id.*  In order to pursue an action under the ADA, complainant must file a

complaint with the Court within 90 days after receipt of the letter.  *Id*; 42 U.S.C. § 2000e-5(f)(1).

42 U.S.C. §2000e-5(f)(1) provides that an agency "shall so notify the person aggrieved and within

ninety days of such notice a civil action may be brought."  *Id.*  The Third Circuit has construed this

provision to mean that the time for filing a complaint begins to run once the plaintiff receives notice

of the right to sue.  *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 238-39 (3d Cir. 1999);

*see also Mosel  v. Hills Department Store, Inc.*, 789 F.2d 251 (3d Cir. 1986).  The EEOC right-to-sue

letter informs claimant that he or she has ninety days in which to file a complaint. *Id.* at 252-53.

In its brief in support of its motion to dismiss, Defendant cites to *Mosel*, which held that an ADA claim was time-barred after plaintiff first received a right-to-sue letter on January 2, 1985 then waited 91 days to file the complaint. *Id.* at 252. The letter in the *Mosel* case was issued on December 31, 1984, two days prior to receipt of the letter on January 2, 1985. The court still measured from the date of receipt of the letter. *Id.* Thus, in the Third Circuit "the clock" starts the day the plaintiff receives notice from the EEOC of his/her right to pursue a civil action.

Defendant cites to *Ebbert v. Daimler Chrysler Corp.*, 319 F.3d 103, 116 (3d Cir. 2003), and asserts in its Reply Brief in Support of Motion to Dismiss Complaint (Docket No. 8, at 3) that Plaintiff could have picked up the right-to-sue letter the day it was issued, the letter from the EEOC could have been misdated, or that oral notification can start the ninety day time-limit. In the *Ebbert* case, the court stated that oral notification must explicitly put the claimant on notice that the ninety-day time limit is starting as of that notification. *Id.* Also, Defendant argues that the EEOC could have misdated the letter. Docket No. 8 at 3. Although such musings are plausible, Plaintiff alleges that she filed the complaint timely upon receiving a right-to-sue letter. Docket No. 1 at ¶ 5. Without any evidence that Plaintiff received any sort of oral notice from the EEOC and that such oral notice was as comprehensive as the written notice Plaintiff allegedly received, it is reasonable to infer that the right-to-sue letter was mailed on January 17, 2007 and that Plaintiff received that letter January 18, 2007 at the earliest or January 20, 2007 at the latest in accordance with Federal Rule of Civil Procedure 6(e). *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (the Court presumes that an EEOC right-to-sue letter dated January 27, 1981 is received on January 30, 1981 in accordance with Fed.R.Civ.P. 6(e)). Rule 6(e) assumes that a party receives a document three

8

days after it is mailed. *See Seitzinger*, 136 F.3d at 239. Accepting all of Plaintiff's facts alleged as true, which we must do at this stage, it appears that Plaintiff's allegations based on the ADA were timely brought within the statute of limitations. Accordingly, to the extent the motion to dismiss challenges the ADA claim it is denied without prejudice. Hence, the Court will turn to the substance of the Plaintiff's ADA claim and Defendant's challenge thereto.

### B. <u>ADA Claim</u>

According to the Third Circuit, in order to make a prima facie case under the ADA, a plaintiff must establish that: (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of a job with or without accommodation; and (3) she suffered an adverse employment action as a result of discrimination. *Shayner v. Synthes (USA)*, 204 F.3d 494, 500 (3d Cir. 2000); *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998); *Bird v. County of Greene*, 2:06-cv-01281, 2007 WL 626106, at *2 n.2 (W.D. Pa. February 23, 2007). Plaintiff has alleged in her complaint that she is disabled due to her anxiety disorder and depression, that she is otherwise qualified to perform the essential functions of her job, and that Defendant refused to accommodate her or assist her in any way by transferring her to a work site closer to her home. Docket No.1, at ¶ 8, 19-23. Plaintiff's doctor stated that she is unable to drive long distances on the interstate. Docket No. 4, at Ex. C. Plaintiff also alleges that her employment was terminated as a direct result of Defendant's failure to make reasonable accommodations for her bona fide disabilities. Docket No. 1, at ¶ 31.

### 1. <u>Actual Impairment Claim</u>

Defendant asserts that Plaintiff does not meet the definition of "disabled" under the ADA *See* Docket. No. 4, at 6-7. In order to be "disabled" under the ADA, a person must establish that she has

a "physical or mental impairment that substantially limits one or more of the major life activities of such individual."  42 U.S.C. § 12102(2)(A); *see also Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 193 (2002).  Plaintiff has alleged that her anxiety disorder and depression substantially limit a major life activity.  Docket No. 1, at ¶ 9.  Defendant asserts that although Plaintiff did not specifically allege what major life activity was limited by her disability, the PHRC complaint and a note from her doctor indicate that the limited major life activity is driving on the expressway.  *See* Docket. No. 4, Ex. A-D.  Plaintiff has also alleged that she requested an accommodation in the form of a transfer, which Defendant refused, and was forced to end her employment because of that refusal.  Plaintiff further alleges this refusal amounts to discrimination because other non-disabled employees requested and received transfers.  Docket No. 1, at ¶ 11.

Defendant also asserts in its Reply Brief that Plaintiff fails to allege in her complaint the life activity that is limited by her impairment and therefore rests her claim on a "bald legal conclusion."  Docket No. 8 at p. 5.  The Court notes that the notice pleading standard under Rule 8(a) is liberal and the United States Supreme Court recently confirmed that employment discrimination cases only require a short and plain statement that the plaintiff is entitled to relief, *Swierkiewicz*, 534 U.S. at 513; *Bird*, 2007 WL 626106, at *2.  Moreover, "the Federal Rules of Civil Procedure do not require a complainant to set out in detail the facts upon which she bases her claim."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Weston*, 251 F.3d at 429; *Krieger v. Fradley*, 211 F.3d 134, 136 (D.C. Cir. 2000) (quoting *Bennett v. Schmidt*, 135 F.3d 516, 518 (7th Cir. 1998)) ("Complaints 'need not plead law or match facts to every element of a legal theory'").  However, in order to state a viable claim under the ADA, Plaintiff must allege at some point that her anxiety disorder and depression limit one or more major life activities.  Here, Plaintiff has done so at paragraph nine of the Complaint (Docket

No. 1) without more.

Defendant states that the Plaintiff failed to specifically identify in her Complaint the major life activity which is limited by her alleged disability.  Docket No. 4, at 7-8.  The Court agrees that the Plaintiff has not specifically identified the affected major life activity, however, that is not required at this stage of the case.  *See E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 853-854 (6th Cir. 2001)(Noting that there is a split among Courts as to whether plaintiffs must specifically identify the major life activity affected, and deciding it is not required for a motion to dismiss); *William S. v. Lassen County*, No. CIV-S-1217 DFL CMK, 2006 WL 929398, at *3 (E.D. Cal. April 11, 2006)(Requiring Plaintiff to "specifically plead the major life activity that his disability substantially limits is beyond the requirements of Rule 8(a)"); 9 Lex K. Larson, et. al., *Employment Discrimination* §157.04[4] (2d ed. 2006) (Stating that Courts take different positions on the ADA's pleading standards, and noting that the Supreme Court case of *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), a Title VII case where the holding is generally considered to also apply to ADA cases, "rejected the idea that a discrimination plaintiff must plead all of the elements of a prima facie case.").  *But see Creasy v. Novelty*, *Inc.*, No.Civ.A. 404CV2296, 2005 WL 1652441, at 2-3 (M.D. Pa. July 6, 2005) (Stating that  Plaintiff's allegations were legally insufficient because he did not identify which major life activity was substantially affected by his alleged physical impairment, but allowing the Plaintiff an opportunity to amend his complaint so as to support a claim under the ADA).  It appears that the Third Circuit has not spoken on this issue.

Relying on documents from the PHRA, Defendant infers that the major life activity is driving.  Based on this inference, Defendant then cites to a number of cases that may ultimately be

persuasive[2], such as in determining whether driving in the present case may be considered a major life activity and whether the major life activity of working is affected[3]. Docket No. 4, at 7-8. The Court notes that none of those cases ruled on motions to dismiss where the liberal pleading standards of Rule 8 of the Federal Rules of Civil Procedure, are applicable, as in the present case. The Court stresses, once again, at this stage the question is not whether plaintiff will ultimately prevail, but rather whether she can prove no set of facts that would entitle her to relief. *Jordan*, 20 F.3d at 1261.

However, the Court is cognizant that a party can move for a more definite statement under Federal Rule of Civil Procedure 12(e) if a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *J.H. Routh Packing Co.*, 246 F.3d at 854. Moreover, if the Plaintiff fails to allege more specifically the major life activity on amendment of the Complaint, the result very well may be dismissal. *Id.* At 854.

After examining both the complaint and the documents attached to Defendant's Brief in Support of its Motion to Dismiss, Docket. No. 4, at Ex. A-D, which this court may properly do, Plaintiff has sufficiently placed Defendant on notice of the elements of her cause of action as required by Federal Rule of Civil Procedure 8(a) in order to overcome dismissal at this stage. Despite what the Court perceives as flaws in the complaint, Plaintiff has informed Defendant that she allegedly has an impairment, i.e., anxiety disorder and depression (Docket No.1, at ¶8) that rises

---

[2]  The Court makes note of the fact that the Third Circuit case cited by Defendant for the proposition that driving is not a major life activity, *Cella v. Villanova Univ.*, No. 03-1749, 2004 WL 2361392 (3d Cir. Oct. 19, 2004), is not precedential, and the Fourth Circuit case, *Wyland v. Boddie-Noell Enters., Inc.*, No. 98-1163, 1998 WL 795173 (4th Cir. Nov. 17, 1998), was not selected for publication.

[3]  Defendant acknowledges that the Court may consider "facts attendant to documents necessary to" Plaintiff's complaint, Docket No. 8, at 5, in order to determine that the major life activity affected by Plaintiff's impairment is driving.

to the level of a disability because it impairs one or more major life activities. Docket No.1, at ¶9. She also alleges that she is qualified to perform her job and that Defendant took an adverse employment action against her because of her alleged disability.  Docket No.1, ¶22-26, 28-31.  We cannot say at this time, without further discovery,  that Plaintiff can present no set of facts that will entitle her to relief.  However, it is this Court's opinion that Plaintiff should amend her complaint to set forth how her anxiety disorder and depression affect her major life activities.

### 2. "Regarded as" Claim

Plaintiff alleges that Defendant discriminated against her due to "discrimination against Plaintiff's disability and/or *perceived* disability".  Docket No. 1, at ¶ 26 (emphasis added).  Under the ADA's definition of the term disability, a person may be disabled if she is regarded as having an impairment that substantially limits a major life activity.  *See* 42 U.S.C. § 12102(c).

> "A person is regarded as having an impairment if the person:
>
> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
> (3) Has [no such impairment] but is treated by the covered entity as having a substantially limiting impairment.

*See* 29 C.F.R. § 1630.2(1) .  Thus, the ADA covers an employee whose employer perceives that she has a substantially limiting impairment.  *See Id.* at 766 (holding that a reasonable juror could conclude the defendant regarded the plaintiff as disabled because the facts showed that defendant perceived plaintiff's impairment to be worse than it actually was).  Further, in her complaint, a claimant may include an actual disability claim and a "regarded as" claim in the alternative.  *See*

*Taylor*, 177 F.3d at 189 (The possibility that a plaintiff will bring both an actual disability and a "regarded as" claim is simply one allowed by the law; its possible abuse must be checked by the standard measures for deterring frivolous or bad-faith complaints).

Plaintiff alleged that her employer caused her to be terminated from her employment due to discrimination "against her disability and/or perceived disability." Docket No. 1, at ¶ 26. These allegations, taken as true, allow the Plaintiff to proceed at this stage on the claim that she was discriminated against because she either has an impairment that substantially limits a major life activity or was regarded as having such an impairment. Recognizing imperfections in pleading, the Court has ordered that Plaintiff amend her complaint. As noted, the Court cannot say at this time, without discovery, that she can prove no set of facts that will entitle her to relief.

Defendant further asserts that Plaintiff is changing her theory of liability and therefore has failed to exhaust her administrative remedies as required by law for her "regarded as claim." Docket No. 8, at 4. *See* 42 U.S.C. § 2000e-(5)(e)(1); 42 U.S.C. § 12117(a). This Court disagrees.

A "disability" under the ADA is defined as either having "(a) an impairment that substantially limits a major life activity" or "(c) being regarded as having such an impairment." 42 U.S.C. § 12102(a), (c). The Pennsylvania Human Relations Act incorporates this definition of disability.[4] *See* 43 P.S. § 954 (p.1)(1)-(3); *see also* PHRC Reg. § 44.4. Plaintiff, pro se at the time, claimed in her PHRC complaint that she was disabled due to her anxiety disorder. *See* Docket No.

---

[4] The PHRA provides:

> The term **"handicap or disability,"** with respect to a person, means:
>> (1) A physical or mental impairment which substantially limits one or more major life activities [or]...
>> (3) being regarded as having an impairment...

43 P.S. § 954 (p.1) (1), (3)(emphasis in original).

14

4, Ex. A.

The PHRC questionnaires that Plaintiff would have been required to fill out to state a claim for non-job related disability discrimination, failure to accommodate, and forced resignation do not require Plaintiff to state whether she believed her employer regarded her as disabled.  *See* PHRC Forms IN-17, IN-18, and IN-18A, *available at* http://sites.state.pa.us/PA_Exec/PHRC/complaint/complaint_forms.html.  Because the term "disability" as defined  under both the PHRA and ADA encompasses both an actual and perceived disability, it does not appear that Plaintiff is changing her theory of liability.  Plaintiff has alleged that her employer discriminated against her based on a disability, which includes either having a substantially limiting impairment or being regarded as having such an impairment.[5]

Although Defendant cites to *Conner v. Mobile Mini, Inc.*, 167 Fed. Appx. 292, 295, it is factually distinguishable from the present case.  Docket No. 8, at 4.  There, the pro se plaintiff brought a claim of Title VII employment discrimination under the PHRA.  *Conner*, 267 Fed. Appx. 292.  After exhausting his administrative remedies as to the Title VII claim, the plaintiff attempted to add an ADA claim to his complaint.  *Id.* at 294-95; *see also Verdecchia v. Douglas A. Prozan, Inc.*, 274 F. Supp. 2d 712, 724 (W.D. Pa. 2003) (plaintiff failed to exhaust administrative remedies on an age discrimination claim under the Age Discrimination and Employment Act ("ADEA") because she only claimed discrimination based on a disability under the ADA).  In *Conner*, there

_____

[5]  Furthermore, the Court recognizes that, at the time she filed her complaint with the PHRC, the Plaintiff was acting *pro se*, and "*pro se* plaintiffs are allowed greater leeway and held to less stringent standards in pleadings and procedure than are plaintiffs who are represented."  *See Astree v. U.S. Dept. of Justice, Bureau of Prisons*, 1999 WL 94621, at *5 (E.D. Pa. Jan. 8, 1999) (Granting summary judgment against a *pro se* plaintiff who failed to respond to a defendant's motion for summary judgment and provided bare assertions of discriminatory motives of defendant).

were two distinct claims, a Title VII claim and an ADA claim, and both statutes have separate and distinct standards that require different proofs and different notice to the defendants. *Conner*, 167 Fed. Appx. at 295.  The plaintiff in *Conner* clearly did not exhaust his remedies for the ADA claim and they were accordingly dismissed. *Id.*  Here, Plaintiff is not attempting to add  another type of claim, as was the case in *Conner*.  Rather, Plaintiff has brought employment discrimination charges under the ADA to the PHRC and dual-filed with the EEOC.  Plaintiff, acting pro se, alleged in her filings with both the PHRC and EEOC that she was discriminated against because of a disability as defined under the PHRA and ADA.

Considering the allegations in the complaint in the light most favorable to the Plaintiff, as this Court must, the Court finds that the Plaintiff should be permitted to explore her allegations through discovery.  Accordingly, Defendant's motion to dismiss the Plaintiff's ADA claim in its entirety is **DENIED.**  Rather, Plaintiff shall file an Amended Complaint within thirty days (30) of this Court's Order.

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's PHRA claim is **GRANTED**. However, Defendant's motion is **DENIED WITHOUT PREJUDICE** as to Plaintiff's ADA claim. Plaintiff is required to file an amended complaint within thirty (30) days of this Court's Order, setting forth the involved major life activity or activities with more particularity. An appropriate order follows.

Dated: August 30, 2007

s/Nora Barry Fisher_____
Nora Barry Fischer
United States District Judge

cc/ecf:        All counsel of record